UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE L. WILLIAMS,

               Plaintiff,

       -against-

THE SOCIAL SECURITY ADMINISTRATION;
LESLIE BETTS; CAREN UNGER,

               Defendants.

1:23-CV-2348 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      In her last amended complaint, Plaintiff, who appears *pro se*, asserted claims of employment discrimination, as well as claims of retaliation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). (ECF 5.) Plaintiff named as defendants: (1) her former employer, the Social Security Administration ("SSA"); (2) her former SSA supervisor, Leslie Betts; and (3) an SSA Operations Support Branch Chief, Caren Unger. By order dated May 30, 2023, the Court dismissed some of her claims, and granted her 60 days' leave to file a second amended complaint.[1] (ECF 6.)

      In that order, the Court dismissed Plaintiff's claims under Section 1981, the ADA, as well as the NYSHRL and the NYCHRL, for failure to state a claim on which relief may be granted, because Title VII and the Rehabilitation Act are the exclusive remedies for Plaintiff's claims of race and disability employment discrimination, as well as for her associated claims of retaliation,

---

[1] On April 10, 2023, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF 4.)

arising from her federal employment with the SSA. (*Id.* at 9-10.) The Court also dismissed Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADEA against Defendants Betts and Unger, for failure to state a claim on which relief may be granted, because those statutes do not provide for claims against individual employees. (*Id.* at 10.) The Court further dismissed Plaintiff's claims under those statutes against the SSA, under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction, but granted Plaintiff leave to file a second amended complaint to assert such claims against the proper defendant, the Acting Commissioner of the SSA, Kilolo Kijakazi. (*Id.* at 10-11.)

In addition, the Court granted Plaintiff leave to file a second amended complaint to allege facts sufficient to state a claim of discrimination and retaliation under Title VII, the Rehabilitation Act, or the ADEA, as Plaintiff had not alleged facts sufficient to state such claims under any of those statutes. (*Id.* at 11-15.)

The Court warned Plaintiff that if she did not comply within the time allowed, and could not show good cause to excuse such failure, the Court would dismiss this action by issuing an order and judgment dismissing Plaintiff's claims against the SSA under the doctrine of sovereign immunity and, consequently, for lack of subject matter jurisdiction, as well as for seeking monetary relief from a defendant that is immune from such relief, and also dismissing the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted. (*Id.* at 17.)

On July 18, 2023, Plaintiff filed this second amended complaint in which she again names the SSA, Betts, and Unger as defendants. (ECF 8.) She asserts claims of employment discrimination and retaliation arising from her federal SSA employment and seeks reinstatement and damages. She again asserts claims under Title VII, Section 1981, the ADEA, the

Rehabilitation Act, the ADA, and the NYSHRL and NYCHRL. She also asserts, for the first time, claims under the Family and Medical Leave Act of 1993 ("FMLA"), the Fair Labor Standards Act of 1938 ("FLSA"), and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Because Plaintiff's factual allegations in her second amended complaint are the same as those that she made in her amended complaint, and because the Court recounted them in its May 30, 2023 order, there is no need to recount them again here; they all arise from Plaintiff's federal employment with the SSA.

For the reasons set forth below, the Court dismisses all of Plaintiff's claims, but grants Plaintiff 60 days' leave to replead her claims under the FMLA in a third amended complaint.

## DISCUSSION

**A.     Previously raised claims**

Plaintiff again asserts claims, in her second amended complaint, that the Court discussed and dismissed in its May 30, 2023 order. The Court will address those claims in a brief manner before proceeding to Plaintiff's newly raised claims.

**1.     Claims under 42 U.S.C. § 1981, ADA, and the NYSHRL and NYCHRL**

In its May 30, 2023 order, the Court dismissed Plaintiff's claims under Section 1981, the ADA, and the NYSHRL and NYCHRL for failure to state a claim on which relief may be granted. (ECF 6, at 9-10.) Plaintiff again, however, asserts claims of race and disability employment discrimination and associated retaliation under Section 1981, the ADA, as well as under the NYSHRL and NYCHRL, arising from her federal employment with the SSA. Accordingly, because Plaintiff cannot seek relief under those statutes arising from her federal employment, for the reasons previously articulated in the Court's May 30, 2023 order (*id.*), the Court dismisses those claims, again, for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.  Claims under Title VII, the Rehabilitation Act, and the ADEA

#### a. Proper defendant

The Court, in its previous order, dismissed Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADEA against Defendants Betts and Unger, for failure to state a claim on which relief may be granted, because it held that those statutes do not provide for claims against individual employees. (ECF 6, at 10.) Here, Plaintiff again asserts claims under those statutes against Defendants Betts and Unger. For the reasons discussed in the Court's previous order, the Court again dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court also previously dismissed Plaintiff's claims under those statutes against the SSA, a federal agency, under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction, and informed Plaintiff that the proper defendant for such claims – the only defendant for which sovereign immunity has been waived for such claims – is the head of the relevant agency and not the agency itself. (ECF 6, at 10-11.) In her second amended complaint, however, Plaintiff again asserts claims under those statutes against the SSA, naming the SSA as a defendant, and not Acting Commissioner Kijakazi, the head of the SSA. The Court therefore again dismisses, for the reasons previously discussed, Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADEA against the SSA under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

#### b. Plaintiff's allegations

Even if Plaintiff had named the proper defendant for those claims, Acting SSA Commissioner Kijakazi, she has still failed to allege facts sufficient to state a claim of discrimination or retaliation under any of those statutes.

4

### i. Claims of employment discrimination

As previously discussed in its May 30, 2023 order, to state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff alleges no facts showing that her race, color, religion, sex, or national origin was a motivating factor in any adverse employment action taken against her, including the termination of her SSA employment. Thus, Plaintiff has failed to state a claim of employment discrimination under Title VII.

The Court has understood that Plaintiff is asserting claims of disability employment discrimination, under the Rehabilitation Act, arising from the SSA's failure to provide her with a disability accommodation. (ECF 6, at 12.) As discussed the previous order, to state such a claim, a plaintiff must allege facts showing that:

> (1) [the plaintiff] is a person with a disability under the meaning of [the Rehabilitation Act]; (2) an employer covered by the statute had notice of [the plaintiff's] disability; (3) with reasonable accommodation, [the] plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019) (internal quotation marks and citation omitted, first alteration in original).

The Court assumes, for the purpose of this order, that Plaintiff's disability that is listed in her second amended complaint ("heart failure") (ECF 8, at 4) qualifies Plaintiff as a person with a disability within the meaning of the Rehabilitation Act. With respect to any reasonable disability accommodation that she alleges that she requested from her employer, however, Plaintiff has alleged no facts sufficient to show that she could have only performed the essential functions of her job if her employer had provided her the requested accommodation. Plaintiff's

5

attachments to her second amended complaint show that she requested a reduction in work hours from full-time status to part-time status, and an associated reduction in pay, not as a means to perform the essential functions of her job, but rather, as a way for her to continue to receive Social Security Disability Insurance benefits and Medicare benefits, and to not lose those benefits as a result of her income exceeding the Significant Gainful Activity (SGA) limit. (*See* ECF 8, at 91, 96-99, 108-109, 115-16.) As discussed in the Court's May 30, 2023 order, such a request does not qualify as a request for a reasonable disability accommodation under the Rehabilitation Act. (ECF 6, at 13 n.8.) Thus, Plaintiff's employer's denial of such a request does not violate the Rehabilitation Act. Plaintiff has therefore failed to state a claim of disability employment discrimination under the Rehabilitation Act.

As to Plaintiff's claims of employment discrimination under the ADEA, as the Court previously stated, a plaintiff must allege facts indicating that her age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)). Plaintiff alleges no facts showing that but for her age, her employer would not have discriminated against her, including terminating her employment. Plaintiff thus fails to state a claim of age employment discrimination under the ADEA.

Accordingly, the Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims of employment discrimination under Title VII, the Rehabilitation Act, and the ADEA. *See* § 1915(e)(2)(B)(ii).

### ii. Claims of retaliation

Plaintiff has also failed to state a claim of retaliation under any of the cited statutes. As the Court discussed in its May 30, 2023 order, to state a claim of retaliation under Title VII, a plaintiff must allege facts showing that: "(1) [the] defendant[] discriminated – or took an adverse employment action – against [her], (2) 'because' [s]he has opposed any unlawful employment

practice." *Vega*, 801 F.3d at 90 (quoting § 2000e-3(a)). "[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision." *Id.* at 90-91 (internal quotation marks and citations omitted). The pleading requirements are the same for a claim of retaliation under the ADEA. *See, e.g., Kopchik v. Town of E. Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at 90-91). Plaintiff alleges no facts showing that she suffered an adverse employment action because she opposed an unlawful employment practice. Thus, Plaintiff fails to state a claim of retaliation under either Title VII or the ADEA.

As also previously discussed, to state a claim of retaliation under the Rehabilitation Act, a plaintiff must show that: "(i) [the] plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that [the] plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against [the] plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at 353 (internal quotation marks and citation omitted). Plaintiff does not allege facts sufficient to show that there was a causal connection between any protected activity that she participated in and any adverse employment action she suffered, including the termination of her employment.

Accordingly, the Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims of retaliation under Title VII, the Rehabilitation Act, and the ADEA. *See* § 1915(e)(2)(B)(ii).

B.   **Newly raised claims**

Plaintiff asserts, in her second amended complaint, for the first time, claims under USERRA, the FLSA, and the FMLA. Accordingly, the Court will discuss the merits of her claims herein.

    1.   **Claims under USERRA**

        a.  **Claims of employment discrimination**

"The purpose of USERRA is to encourage military service 'by eliminating or minimizing the disadvantages to civilian careers'; 'to minimize the disruption to the lives' of servicemembers and their employers 'by providing for the prompt reemployment' of servicemembers; and 'to prohibit discrimination' against servicemembers." *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 174 (2d Cir. 2011) (quoting 38 U.S.C. § 4301(a)). "To state a claim [of employment discrimination] under the USERRA, a plaintiff must plead 'facts upon which it could plausibly be inferred that [her] military service . . . was a "substantial or motivating factor"' in the adverse employment action taken against [her]." *Davis v. N.Y.C. Dep't of Corr.*, No. 17-CV-3863, 2017 WL 5634123, at *7 (E.D.N.Y. Nov. 22, 2017) (quoting *Hunt v. Klein*, 476 F. App'x 889, 891 (2d Cir. 2012) (summary order)); *see also Asatov v. Michal's Quality Transp.* No. 3:21-CV-0822, 2021 WL 3742908, at *3 (D. Conn. July 21, 2021) ("In order to state a claim under USERRA, plaintiff must allege that (1) [s]he has performed service in the uniformed services; (2) [s]he was denied 'any benefit of employment by an employer'; and (3) [her] service in the uniformed services was 'a motivating factor' in that denial." (quoting 38 U.S.C. § 4311(a), (c)(1))); *report & recommendation adopted*, 2021 WL 3742128 (D. Conn. Aug. 24, 2021).

Because Plaintiff alleges no facts showing that she has performed any military service, or that such service was a motivating factor with respect to any adverse action that she suffered in

8

her SSA employment, including her termination, Plaintiff has failed to state a claim of employment discrimination under USERRA. Plaintiff alleges nothing to suggest that she has ever performed any military service or that she was discriminated against because of such service. The Court therefore dismisses Plaintiff's claims of employment discrimination under USERRA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii)

### b. Claims of retaliation

To state a claim of retaliation under USERRA, a plaintiff must allege facts showing: "(1) [s]he was engaged in protected activity [with respect to an alleged violation of USERRA]; (2) that the employer was aware of that activity; (3) that the plaintiff suffered an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *O'Connell v. Town of Bedford*, No. 21-CV-0170, 2022 WL 4134466, at *6 (S.D.N.Y. Sept. 12, 2022) (internal quotation marks and citation omitted); *see* 38 U.S.C. § 4311(b). Such a causal connection can be established "(a) indirectly by showing that the protected activity was followed closely by discriminatory treatment; (b) indirectly though other evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (c) directly through evidence of retaliatory animus." *O'Connell*, 2022 WL 4134466, at *6 (internal quotation marks and citation omitted).

Plaintiff alleges no facts showing that she was retaliated against because she participated in protected activity with respect to an alleged violation of USERRA. The Court therefore dismisses Plaintiff's claims of retaliation under USERRA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(ii).

### 2.    Claims under the FLSA

The FLSA is a federal statute passed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general

9

well-being of workers. . . ." 29 U.S.C. § 202(a). It does so, in part, by setting substantive wage, hour, and overtime standards. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011). Among other mandates, the FLSA requires employers to pay each of their non-exempt employees "not less than" the prevailing minimum wage. 29 U.S.C. § 206(a)(1); *see* 29 U.S.C. § 213 (exempt employees); *see also* 29 U.S.C. § 203(e)(2)(A) (extending FLSA protections to federal employees). It also requires that certain "employee[s] . . . be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. . . ." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (footnote omitted) (citing 29 U.S.C. § 207(a)); *see* §§ 207(a) (overtime pay requirement), 216(b) (right of action).

### a. Overtime pay and minimum wage claims

To state a claim concerning an employer's failure to pay a worker overtime pay under the FLSA, a plaintiff "must allege sufficient factual matter to state a plausible claim that [she] worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). In addition, "an employee fails to state a claim for a minimum wage violation 'unless [her] average hourly wage falls below the federal minimum wage.'" *McNamara v. Associated Press*, 40 F. Supp. 3d 345, 353 (S.D.N.Y. 2014) (quoting *Lundy*, 711 F.3d at 115). Plaintiff alleges no facts showing that she was denied overtime pay for working more than 40 hours per week – in fact, Plaintiff asserts that she asked for permission to change from a full-time work schedule to a part-time work schedule – or that her average hourly wages fell below the federal minimum wage rate. Thus, Plaintiff fails to state an overtime pay or minimum wage claim under the FLSA, and the Court dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

10

b.  **Claims of retaliation**

The FLSA has an antiretaliation provision that "makes it 'unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA].'" *Marcotte v. City of Rochester*, 677 F. App'x 723, 725-26 (2d Cir. 2017) (summary order) (quoting 29 U.S.C. § 215(a)(3) (alteration in original)). To state a claim of retaliation under the FLSA, a plaintiff must allege facts showing: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

Plaintiff alleges nothing to suggest that she was participating in FLSA-protected activity for which there was a causal connection between such activity and any adverse employment action that she was subjected to, including the termination of her employment. Plaintiff therefore fails to state claim of retaliation under the FLSA. Accordingly, the Court dismisses Plaintiff's claims of retaliation under the FLSA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

3.  **Claims under the FMLA**

The FMLA provides that eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in that statute. 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." § 2612(a)(1)(D). Generally, a plaintiff may assert two varieties of FMLA claims, interference claims and retaliation claims:

11

> In a general sense, an employee brings an "interference" claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. "Retaliation" claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. The two types of claims serve as ex ante and ex post protections for employees who seek to avail themselves of rights granted by the FMLA.

*Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (citations omitted). "An individual may be held liable under the FMLA only if she is an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.'" *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (quoting 29 U.S.C. § 2611(4)(A)(ii)(I) and citing 29 C.F.R. § 825.104(d)).[2]

### a. Claims of interference

Plaintiff has not alleged facts sufficient to state a claim of interference under the FMLA. To state such a claim, a plaintiff must allege facts showing:

> 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the

---

[2] Some courts within this Circuit have held that the FMLA does not afford federal employees, as opposed to other employees, a private right of action for violations of that statute. *See, e.g.*, *Lee v. Saul*, Nos. 19-CV-6553, 20-CV-2956, 2022 WL 1051216, at *12 (S.D.N.Y. Feb. 10, 2022), *report & recommendation adopted*, (ECF 19-CV-6553, 51; ECF 20-CV-2956, 45) (S.D.N.Y. Mar. 23, 2023), *appeal dismissed*, Nos. 22-1154, 22-1246 (2d Cir. Jan. 11, 2023); *Beauchat v. Mineta*, No. 03-CV-3196, 2006 WL 2711608, at *9 (E.D.N.Y. Sept. 21, 2006), *aff'd*, 257 F. App'x 463 (2d Cir. Dec. 19, 2007) (summary order). *But see Walsh v. Dejoy*, No. 14-CV-7239, 2021 WL 4896979, at *16 (S.D.N.Y. July 28, 2021) ("[N]either the Supreme Court nor the Second Circuit Court of Appeals has decided whether a federal employee has a private right of action under FMLA against a federal employer . . . ."), *report & recommendation adopted*, 2021 WL 4355366 (S.D.N.Y. Sept. 24, 2021).

Because neither the United States Court of Appeals for the Second Circuit nor the Supreme Court of the United States has determined whether a federal employee has a private right of action under the FMLA, it is unclear whether the doctrine of sovereign immunity precludes Plaintiff from asserting such claims in this action. For the purpose of this order, therefore, the Court will assume that Plaintiff can assert such claims arising from her federal employment.

FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA.

*Graziadio*, 817 F.3d at 424.

Assuming that Plaintiff is an eligible employee and that the federal government, which includes the SSA, is an employer covered by the FMLA, it is unclear from Plaintiff's second amended complaint whether Plaintiff was actually entitled, under that statute, to take the leave that is at issue, as it does not appear that such leave was taken with regard to her serious health condition, or that she was actually denied any benefits under the FMLA, including that leave. In fact, it appears that Plaintiff was granted leave with regard to her health condition and with regard to the death of her mother, but was terminated due to being discourteous to a security guard and for being absent without leave to attend to personal business on August 19, 2022, for reporting to work late on August 26, 2022, and for failing to start work on time on October 12, 2022.[3] (ECF 8, at 30; ECF 1:23-CV-2348, 6, at 6-8.) Thus, even if it is determined that a private right of action under the FMLA is afforded to Plaintiff in connection with her SSA employment, she has not alleged facts sufficient to state a claim of interference under the FMLA. The Court grants Plaintiff leave to file a third amended complaint in which she alleges facts sufficient to state a claim of interference under the FMLA in connection with her SSA employment.

### a. Claims of retaliation

Likewise, Plaintiff has not alleged facts sufficient to state a claim of retaliation under the FMLA. To state such a claim, a plaintiff must allege facts showing: "1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for h[er] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving

---

[3] In one of those instances, Plaintiff was accused of sleeping while at her work station and beginning work late.

13

rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004); *see* 28 U.S.C. § 2615(b).

As discussed above, it is unclear whether Plaintiff exercised rights protected under the FMLA. In addition, Plaintiff does not allege any facts showing that any adverse employment action that she suffered, including the termination of her SSA employment, occurred under circumstances giving rise to an inference of retaliatory intent with regard to violations of the FMLA. Accordingly, Plaintiff's second amended complaint fails to state a claim of retaliation under the FMLA. The Court, however, grants Plaintiff leave to file a third amended complaint to allege facts sufficient to state such a claim.

**C.    Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FMLA, the Court grants Plaintiff 60 days' leave to file a third amended complaint to detail her claims under that statute as follows:

1. Plaintiff must name as the defendant(s) in the caption those who were allegedly involved in the deprivation of her federal rights.

2. In the "Statement of Claim" section of the third amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each

14

claim under the FMLA against each defendant. Plaintiff should include all of the information in the third amended complaint that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief under the FMLA. That information should include:

a. the names and titles of all relevant people;

b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c. a description of the injuries Plaintiff suffered; and

d. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated her rights under the FMLA; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's third amended complaint will completely replace, not supplement, her second amended complaint, amended complaint, and original complaint, **any facts or claims that Plaintiff wants to include from those previous pleadings with respect to her claims under the FMLA must be repeated in the third amended complaint.** *The Court grants Plaintiff leave to replead only her claims under the FMLA.*

## CONCLUSION

The Court dismisses all of Plaintiff's claims either under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 60 days' leave to file a third amended complaint in which to allege facts sufficient to state a claim under the FMLA, and

15

only under the FMLA. If Plaintiff fails to file a third amended complaint within the time allowed, and fails to show cause why the Court should excuse such failure, the Court will enter judgment dismissing this action for the reasons set forth above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge