UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LENOIR WILLIAMS,

                Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION, et al.,

                Defendants.

1:23-CV-2348 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated October 10, 2023, the Court dismissed, for the second time in this action, Plaintiff's claims under 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws for failure to state a claim on which relief may be granted. (ECF 9, at 3.) The Court also dismissed Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967 under the doctrine of sovereign immunity, for lack of subject matter jurisdiction, and for failure to state a claim on which relief may be granted. (*Id.* at 4-8.) The Court further understood Plaintiff's second amended complaint as asserting additional claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), the Fair Labor Standards Act of 1938 ("FLSA"), and the Family and Medical Leave Act of 1993 ("FMLA"), and dismissed Plaintiff's claims under USERRA and the FLSA for failure to state a claim on which relief may be granted (*id.* at 3, 8-11); the Court granted Plaintiff leave to replead only her claims of interference and retaliation under the FMLA in a third amended complaint to be filed within 60 days of the date of that order. (*Id.* at 11-16.)

      On December 1, 2023, Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), filed a letter requesting an extension of time to file her third amended complaint. (ECF

10.) On December 11, 2023, Plaintiff filed her third amended complaint (ECF 11), which is the operative pleading for this action. In her third amended complaint, Plaintiff sues: (1) her former employer, the Social Security Administration ("SSA"); (2) Leslie Betts, her former supervisor; (3) Caren Unger; (4) Charles Gusavitch; and (5) Steven J. Stonovitsch.[1] Plaintiff again asserts claims under the ADA and the FMLA arising from her employment with, and her termination from, the SSA, and she seeks damages. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[1] Unger, Gusavitch, and Stonovitsch all appear to be, like Betts, SSA officials.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.     Plaintiff's claims under the ADA**

The Court, in its October 10, 2023 order, granted Plaintiff leave to file a third amended complaint to replead only her claims under the FMLA (ECF 9, at 15); the Court dismissed many of Plaintiff's other claims, including her claims under the ADA, for failure to state a claim on which relief may be granted because, as the Court had previously articulated in its May 30, 2023 order, "Plaintiff cannot seek relief under [the ADA] arising from her federal employment," (*id.* at 3). Accordingly, because, in its October 10, 2023 order, the Court granted Plaintiff leave to file a third amended complaint to replead only her claims under the FMLA, and not those under the ADA, and for the reasons previously articulated by the Court in its May 30, 2023 order and its October 10, 2023 order, the Court, once again, dismisses Plaintiff's claims under the ADA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **Plaintiff's claims under the FMLA**

The Court assumes, for the purpose of this order, as it did for this purpose of its October 10, 2023 order, that the FMLA affords a private right of action to federal employees.[2] The FMLA provides that eligible employees are "entitled to a total of 12 workweeks of leave during any 12-month period" for any one of several reasons enumerated in that statute. 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." § 2612(a)(1)(D).

Generally, a plaintiff may assert two varieties of claims under the FMLA, claims of interference and claims of retaliation:

> In a general sense, an employee brings an "interference" claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. "Retaliation" claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. The two types of claims serve as *ex ante* and *ex post* protections for employees who seek to avail themselves of rights granted by the FMLA.

---

[2] Some courts within this Circuit have held that the FMLA does not afford federal employees, as opposed to other employees, a private right of action for violations of that statute. *See, e.g.*, *Lee v. Saul*, Nos. 19-CV-6553 (PGG) (SN), 20-CV-2956 (PGG) (SN), 2022 WL 1051216, at *12 (S.D.N.Y. Feb. 10, 2022), *report & recommendation adopted*, (ECF 19-CV-6553, 51; ECF 20-CV-2956, 45) (S.D.N.Y. Mar. 23, 2023), *appeal dismissed*, Nos. 22-1154, 22-1246 (2d Cir. Jan. 11, 2023); *Beauchat v. Mineta*, No. 03-CV-3196, 2006 WL 2711608, at *9 (E.D.N.Y. Sept. 21, 2006), *aff'd*, 257 F. App'x 463 (2d Cir. Dec. 19, 2007) (summary order). *But see Walsh v. Dejoy*, No. 14-CV-7239 (GBD) (KNF), 2021 WL 4896979, at *16 (S.D.N.Y. July 28, 2021) ("[N]either the Supreme Court nor the Second Circuit Court of Appeals has decided whether a federal employee has a private right of action under FMLA against a federal employer . . . ."), *report & recommendation adopted*, 2021 WL 4355366 (S.D.N.Y. Sept. 24, 2021).

Because neither the United States Court of Appeals for the Second Circuit nor the Supreme Court of the United States has determined whether a federal employee has a private right of action under the FMLA, it is unclear whether the doctrine of sovereign immunity precludes Plaintiff from asserting such claims in this action. For that reason, and as the Court did for the purpose of its October 10, 2023 order, for the purpose of this order, the Court will assume that Plaintiff can assert such claims arising from her federal employment. (*See* ECF 9, at 12, n.2.)

*Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (citations omitted).

"An individual may be held liable under the FMLA . . . if [he or] she . . . [fits its definition of] an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.'" *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (quoting 29 U.S.C. § 2611(4)(A)(ii)(I) and citing 29 C.F.R. § 825.104(d)). Thus, the Court understands Plaintiff's third amended complaint as asserting claims under the FMLA against the SSA, as well as against the individual defendants.

Under the FMLA, an eligible employee is generally defined as "an employee who has been employed – (i) for at least 12 months by the employer with respect to whom leave is requested under [the FMLA]; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). As to claims of interference and retaliation under the FMLA, a plaintiff must allege that she is an eligible employee. *See Graziadio*, 817 F.3d at 424 (interference); *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020) (summary order) ("A threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections."); *Anderson v. NYC Health & Hosps. (Coney Island Hosp.)*, No. 18-CV-3056, 2019 WL 1765221, at *3 (E.D.N.Y. Apr. 22, 2019) (interference and retaliation).

Plaintiff has not alleged facts showing that, for the purpose of her claims under the FMLA – those arising from her seeking and taking leave "[b]ecause of a serious health condition that ma[de] [her] unable to perform the functions of [her] position," 29 U.S.C. § 2612(a)(1)(D), namely, her heart condition – she was an eligible employee while she was employed by the SSA.

In its May 30, 2023 order, the Court construed Plaintiff's amended complaint as alleging, via documents attached to her amended complaint, that Plaintiff had been hired by the SSA, for work at an SSA office in Jamaica, Queens County, New York, on January 18, 2022, and that she had been terminated from her SSA position on November 7, 2022. (ECF 6, at 4-8.) In her third amended complaint, which is the operative pleading for this action, Plaintiff has attached documents making those same allegations. (ECF 11, at 85, 88, 99.) Thus, Plaintiff alleges that she was employed by the SSA for nine months and 20 days, which is less that the 12-month period required to qualify as an employee eligible for FMLA leave. Accordingly, Plaintiff was not an employee eligible for FMLA leave, she was not entitled to take FMLA leave, and she was, therefore, not denied leave benefits to which she was entitled under the FMLA. Thus, she does not state a claim of interference with regard to FMLA leave. *See Graziadio*, 817 F.3d at 424 (discussing elements of a claim of interference under the FMLA). In addition, because Plaintiff does not allege that she exercised rights protected under the FMLA – as discussed above, she did not have a right to seek FMLA leave – she also fails to state a claim of retaliation with regard to FMLA leave. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (discussing elements of a claim of retaliation under the FMLA). Accordingly, the Court also dismisses Plaintiff's claims under the FMLA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied when such leave would be futile or when the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

6

Because granting Plaintiff further leave to amend would be futile, the Court declines to grant her leave to replead her claims in a fourth amended complaint.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge